## Commonwealth v. De Ghequier.

*William K. Miller*, District Attorney, for Commonwealth.
*A. F. Gilbert*, for defendant.

POTTER, P. J., Dec. 13, 1929.—This defendant was arrested on his failure to stop his automobile at a stop sign at the western end of the bridge leading from Sunbury to Shamokin Dam, where the thoroughfare across the bridge connects with the Susquehanna Trail. An information was made by the arresting officer before J. B. Bulick, Esq., a justice of the peace at Selinsgrove, which is five miles from the point where the offense occurred. Notice was given the defendant by the justice, who appeared, plead guilty, posted his check for $15, waived a hearing and took an appeal to this court. He was arrested under the provisions of the Act of May 1, 1929, § 1016, P. L. 905, 981.

He asks for a dismissal of the charge against him for the reason that proceedings were not instituted against him in accordance with section 1201 of the Act of May 1, 1929, P. L. 905, 993, requiring them to be brought "before the nearest available magistrate," there being two of them at Shamokin Dam, where the offense was committed.

To say the least about it, this is an exceedingly technical defense, one not going to the merits in any manner. We would like very much to dismiss this appeal and remit the case to the justice for payment of the fine and costs, but we fail to see how we can do so in the face of the act. The information "*shall* be brought before the *nearest available magistrate*" is the language of the act. This would mean one of the two justices residing in Shamokin Dam. It does not mean a justice at Selinsgrove, five miles away, with two of them nearer.

Then again, penal statutes are to be strictly construed, especially those involving summary convictions. A strict compliance with their provisions must be had.

And now, to wit, Dec. 13, 1929, the prosecution is dismissed and the defendant is discharged.